RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/26/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANDRE DONNELL ROUTT | DOCKET NO. 1:13-CV-3062; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN CARVAJAL | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the Court is *Pro se* petitioner Andre Donnell Routt's petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241. Routt is an inmate in the custody of the Federal Bureau of Prisons (BOP), presently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. At the time of filing, he was incarcerated at USP - Pollock, Louisiana. Petitioner attacks his sentence imposed for conspiracy to distribute five (5) kilograms or more of cocaine.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Background*

Petitioner was convicted in 1994 of conspiracy to distribute five (5) kilograms or more of cocaine, in violation of Title 21, United States Code, Section 846. Based on his offense level of 48 and criminal history of category four, Petitioner was sentenced to life imprisonment. [1:94-cr-12 E.D.Tex.] His conviction and sentence were affirmed on appeal. U.S. v. Shephard, 59 F.3d 1240 (5th Cir. 1995); cert. denied, 516 U.S. 935 (1995).

Petitioner filed a motion modify an illegal sentence in the Eastern District of Texas on September 6, 2005, which was denied on February 8, 2006. [1:94-cr-12, Doc. #261, 267] He filed a motion to vacate, set aside or correct sentence under Section 2255 on December 14, 2005, which was denied and dismissed on February 7, 2006. [1:05-cv-848, E.D.Tex., Doc. #6] He filed a pro se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 USC 3582 on April 29, 2008, which was denied. His appeal was dismissed as frivolous.

### *Law and Analysis*

Petitioner now claims that his sentence was unconstitutional because the quantity of cocaine attributed to him by the Court was not determined by a jury. [Doc. #1, p.3-4] Petitioner claims that Section 2241 is the appropriate vehicle to contest the constitutionality of his sentence.

A collateral attack on a federal criminal conviction and sentence is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. §2255. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). An application for writ of habeas corpus brought under 28 U.S.C. §2241 is properly construed as a section 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. See id. at 877-78.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which an individual may file a

second or successive motion for post-conviction relief under Section 2255. See ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive Section 2255 motion, a movant must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of the Court of Appeals before a petitioner files his motion in district court. See id. §§2255(h) & 2244(b)(3).

Habeas relief under Section 2241 may be appropriate when the remedy provided under Section 2255 is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830-31 (5th Cir. 2001); accord Padilla v. United States, 416 F.3d 424, 426 (5th Cir. 2005)("However, a §2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the savings clause of §2255 if the petitioner establishes that the remedy provided under §2255 is inadequate or ineffective to test the legality of his detention."). A petitioner must satisfy two factors to show inadequacy. First, the claim must be "'based on a retroactively applicable Supreme Court decision which establishes

that the petitioner may have been convicted of a nonexistent offense.'" Jeffers, 253 F.3d at 830 (quoting Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001)). Second, the claim must have been "'foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first §2255 motion.'" Id. Petitioner has not satisfied the first factor of identifying a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense. Therefore, he can not meet the requirements of the savings clause.

**Petitioner's successive collateral challenge to his sentence has not been authorized by the Court of Appeals.** Petitioner must obtain such an order before another motion to correct, vacate, or set aside sentence may be filed.

*Conclusion*

Because Petitioner is attacking the legality of his sentence, and does not meet the requirements of the savings clause, **IT IS RECOMMENDED** that his petition be **DENIED AND DISMISSED for lack of jurisdiction.**

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and **Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific,**

4

written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 26th day of March, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE